## Ozehoski v. Kulesa

*Brion W. Kelley,* for plaintiff.
*James A. Sposito,* for defendant.

BROMINSKI, *J.,* April 23, 1986—This matter comes before the court upon plaintiff's petition for an appointment of a receiver. This accompanies a complaint in equity requesting a dissolution of the partnership between plaintiff and defendant and an accounting.

The necessary elements in having a receiver appointed are set forth in Hankin v. Hankin, 279 Pa. Super. 179, 200, 201, 203, 420 A.2d 1090, 1101-1103 (1980):

"The decision whether to appoint a receiver is vested in the discretion of the lower court. . . . In exercising its discretion the court must proceed cautiously, for '[t]he power to appoint a receiver is a delicate one, which is jealously safe-guarded, and reluctantly exercised.'

'. . . Recognizing the drastic effect that appointment of a receiver will have on the business entity involved, the court will only impose the remedy where it is necessary to prevent the waste or dissipa-

tion of assets, as may be so, for example, where there is fraud or mismanagement.

'. . . Among the factors that various courts have considered are the existence of dissension among the partners, dissipation of the partnership assets, fraud or mismanagement by the controlling partners, the denial of plaintiff partner's rights as a partner, and the balance of necessity and benefits against injury incident to the appointment of a receiver.' "

At the hearing, it was established that plaintiff left the partnership because she had business differences with defendant. Defendant offered her $6,500 to buy plaintiff out, and then reneged on the promise and changed the lock on the door, so that it was an involuntary dissolution of the partnership. However, since that time, there was no showing of fraud or mismanagement of the entity, nor any dissipation of any of the assets. A fortiori, that defendant has kept current with all liabilities of the partnership.

Plaintiff in her complaint seeks dissolution of the partnership and an accounting. This the court of equity may accomplish without any prejudice to plaintiff, and thus this court does not determine any necessity for the appointment of a receiver.

Accordingly, we enter the following

ORDER

It is hereby ordered, adjudged and decreed that plaintiff's request for an appointment of a receiver is denied and dismissed.